# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| DWAYNE DAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:14-cv-00077-JMS-DKL |
| ) | |
| UNITED STATES, TUSSY Lieutenant, ) | |
| D. MEYER Lieutenant, BARKER Lieutenant, ) | |
| ) | |
| Defendants. ) | |

## Entry Discussing Complaint, Dismissing Certain Claims, and Directing Further Proceedings

Plaintiff Dwayne Davis, Jr., an inmate at the United States Penitentiary in Waymart, Pennsylvania, filed this civil action alleging that the defendants violated his civil rights while he was incarcerated at the United States Penitentiary in Terre Haute, Indiana. Specifically, Davis alleges that in October of 2012, the individual defendants D. Myer, Lt. Tussy and Lt. Barker failed to protect him from his cellmate and as a result he was attacked and injured. In addition, Davis alleges that Lt. Tussy subjected him to excessive force by smashing his head into a metal chair. Davis seeks $25,000.00 in damages. Dkt. 9.

## I.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Davis, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

## II.

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act [FTCA] . . . which permits claims based upon misconduct which is tortious under state law.  28 U.S.C. ' ' 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985). Davis has pursued the *Bivens* route.

**A.**

The **United States is dismissed as a defendant** in this action because it is not a proper defendant in a *Bivens* action. In addition, there are no allegations of wrongdoing alleged against the United States. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

**B.**

The complaint is understood to allege a *Bivens* claim against the individual defendants. *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. ' 1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005); *see also Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995) (noting that "the effect of *Bivens* was to create a remedy against federal officers acting under color of federal law that was analogous to the Section 1983 action against state officials").

The right implicated by Davis's claims is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005). *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Accordingly, claim thought to be brought **pursuant to the Fourteenth Amendment is dismissed.** *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular

sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.") (plurality opinion of Rehnquist, C.J.) (internal quotations omitted).

This action shall proceed against the individual defendants based on the allegations that the defendants failed to protect Davis from harm. In addition, the claim that Lt. Tussy used excessive force on Davis shall proceed as submitted. If Davis believes that additional claims were alleged in the complaint, but not identified by the Court and that those claims should proceed in this action, he should notify the Court of this fact by no later than **June 10, 2014.** No partial final judgment shall issue at this time as to the claims resolved in this Entry.

### III.

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue process to Lt. Tussy, Lt. D. Meyer, and Lt. Barker. Process shall consist of a summons. Because plaintiff Davis is proceeding under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)*,* **personal service is required**. *Robinson v. Turner*, 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint and a copy of this Entry, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

**IT IS SO ORDERED.**

Date: 05/13/2014

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DWAYNE DAVIS, JR.
Reg. No. 32497160
LEWISBURG U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
LEWISBURG, PA 17837

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204