UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DWAYNE DAVIS, JR., | ) |
|        Plaintiff, | ) |
| v. | ) Case No. 2:14-cv-00077-JMS-DKL |
| TUSSY Lieutenant, | ) |
| D. MEYER Lieutenant, BARKER Lieutenant, | ) |
|        Defendants. | ) |

**Entry Granting Defendants' Motion for Summary Judgment**

Plaintiff Dwayne Davis, Jr., an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, filed this civil action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that the defendants violated his civil rights while he was incarcerated at the United States Penitentiary in Terre Haute, Indiana. Specifically, Davis alleges that in October of 2012, the individual defendants D. Myer, Lt. Tussy and Lt. Barker failed to protect him from his cellmate and as a result he was attacked and injured. In addition, Davis alleges that Lt. Tussy subjected him to excessive force by smashing his head into a metal chair.

The defendants D. Meyer and Lt. Tussy now move to dismiss, or in the alternative for summary judgment, arguing that Davis failed to exhaust his available administrative remedies with respect to his claims as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA"). For the reasons explained in this Entry, the defendants' unopposed motion for summary judgment

1

based on the argument that plaintiff Davis failed to comply with the exhaustion of administrative remedies requirement of the PLRA [dkt. 22] is **granted**.[1]

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Davis failed to respond to the defendants' motion despite it having been mailed to the updated address he provided the Court [dkt.6]. Thus, Davis has conceded the defendants' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997).

---

[1] One of the defendants named in this action is "Barker." The Bureau of Prisons, however, has notified the undersigned that there is no employee with the last name Barker currently employed at the FCC-Terre Haute, nor was there any employee named Barker employed there during the time frame alleged in the Complaint. The summons issued to Lt. Barker was returned as "No Such Employee" on 6/4/14. (Docket No. 18.) Nonetheless, the defendant misidentified as "Barker" in this action is entitled to summary judgment because the court may enter summary judgment *sua sponte* in favor of a party who did not request it. The entry of judgment in favor of this defendants is appropriate in this case. *See Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 280 (7th Cir. 1986) ("[W]here one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion.").

## II. Discussion

A. *Undisputed Facts*

The BOP promulgated an administrative remedy system which is codified in 28 C.F.R. §§ 542.10, *et seq*., and BOP Program Statement 1330.18,[2] *Administrative Remedy Procedures for Inmates*. The Administrative Remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8, prior to filing a formal administrative remedy request with the Warden, Regional Director, and General Counsel. If the inmate is not satisfied with the informal remedy response, he is required to first address his complaint with the Warden via a BP-9. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a BP-10. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel via a BP-11. Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all required levels, his administrative remedies are deemed exhausted as to the specific issues properly raised therein.

All codified BOP Program Statements are available for inmate access via the institution law library, including BOP Program Statement 1330.18. Additionally, Administrative Remedy filing procedures are outlined in an Inmate Information Handbook, which is provided to all inmates upon initial intake at FCC Terre Haute.

---

[2] The defendants' statement of facts repeatedly cites BOP Program Statement 1330.16. The declaration filed in support of the motion for summary judgment cites BOP Program Statement 1330.18.

In his Complaint, Davis claims that the defendants failed to protect him from an attack by his cellmate on October 22, 2012. As to Defendant Tussey, he also claims that on October 19, 2012, Lt. Tussey engaged in excessive force by slamming Davis's head into a metal seat.

Between October 19, 2012, and the date Davis filed his Complaint in this case, March 25, 2014, he submitted a total of eighteen requests for administrative remedy. Davis did not exhaust any administrative remedies submitted from May 2012 through March 2014.

B. *Analysis*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. This includes the claims Davis raises in this action. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

It is undisputed that Davis did not fully exhaust his available administrative remedies as required by the PLRA. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Davis's claims should not have been brought and must now be dismissed without prejudice.

4

*See Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

The defendants' motion for summary judgment [dkt 22] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/02/2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DWAYNE DAVIS, JR.
32497160
LEWISBURG - USP
LEWISBURG U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
LEWISBURG, PA 17837

All Electronically Registered Counsel